NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1867
_____

RICHARD MCDONALD,

Appellant

v.

PENNSYLVANIA STATE POLICE;
COLONEL FRANK PAWLOWSKI,
Commissioner of Pennsylvania State Police in his official capacity;
MAJOR JOHN GALLAHER, in his individual capacity

*United States of America,

Intervenor

*(Pursuant to Court Order dated 2/16/12)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 09-cv-00442)
District Judge: Honorable Terrence F. McVerry
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 22, 2012

Before: RENDELL, FUENTES, and HARDIMAN, Circuit Judges

(Opinion Filed:  June 22, 2012)

_____

OPINION OF THE COURT
_____

FUENTES, <u>Circuit Judge</u>:

Richard McDonald appeals from the District Court's opinion and order granting summary judgment to the defendants in McDonald's disability discrimination and due process action against the Pennsylvania State Police, Colonel Frank Pawlowski, and Major John Gallaher. We will affirm the District Court's judgment on McDonald's due process claim, but we will vacate its judgment on the disability discrimination claims and remand for further proceedings.

**I**

Because we write primarily for the parties, who are well acquainted with the case, we recite only the facts essential to our disposition of this appeal.

McDonald has, throughout his career, been employed in Pennsylvania law enforcement. From 1989 to 2002, he served with the City of Pittsburgh Bureau of Police. As required for that employment, McDonald was certified by the Municipal Police Officers Education and Training Commission ("MPOETC" or the "Commission"), a twenty-member body charged with the responsibility to establish and administer training and certification of police officers in Pennsylvania. <u>See</u> 53 Pa. C.S. § 2164. From 2002 to 2006, McDonald served with the Pennsylvania Office of the Attorney General in a capacity that did not require MPOETC certification, and his certification lapsed.

In December 2002, McDonald suffered a work-related car accident in which he sustained a herniated disk. Chronic pain following the accident left him unable to perform his duties, and his employment was eventually terminated. McDonald underwent surgeries in 2003 and 2006, received pain management therapy, and began taking the prescription pain medication Avinza, all contributing to a substantial improvement in his medical condition.

In May 2007, the Borough of Ellwood City hired McDonald to be its Police Chief. In order to serve in that capacity, McDonald had to be re-certified for service by the Commission.

Ellwood City twice applied for certification on McDonald's behalf. Included in the first application were a May 2007 physical examination report and a June 2007 psychological report indicating that McDonald was physically and mentally fit for police duty. But the Commission denied the application in October 2007 on the basis of its medical advisor's opinion, which credited three medical opinions that predated McDonald's 2006 surgery indicating that he had reached his maximum medical improvement and was limited to light or medium-light duty work. McDonald sought reconsideration and inquired as to his right to a hearing. An attorney from the Pennsylvania State Police Office of Chief Counsel informed McDonald that he had no right to a hearing.

Ellwood City again applied for certification for McDonald in April 2008, supported by a new functional performance evaluation and a new psychological examination. In addition, the Commission sought a new, independent medical

examination of McDonald. The examining doctor opined that McDonald was fit for duty but noted McDonald's use of Avinza as a potential concern. In response, the Commission's medical advisor for the first time focused on Avinza, raising concerns about the drug's potential side effects and recommending against certification for that reason. In October 2008, the Commission again declined to certify McDonald. In November 2008, it again told him that he was not entitled to a hearing.

In April 2009, having lost his position as the Ellwood City Police Chief for lack of MPOETC certification, McDonald filed the complaint in this action. He asserted (1) a discrimination claim against the Pennsylvania State Police under the Rehabilitation Act, 29 U.S.C. § 794; (2) a discrimination claim against the Commissioner of the Pennsylvania State Police and Chairman of the MPOETC, Colonel Frank Pawlowski, in his official capacity, under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; and (3) a due process claim against the Executive Director of the MPOETC, Major John Gallaher, in his individual capacity, pursuant to 42 U.S.C. § 1983.

The defendants moved for summary judgment, arguing that McDonald's ADA claim was barred by the 11th Amendment, that the Rehabilitation Act did not apply because the Commission received no federal funding, and that neither anti-discrimination statute applied because McDonald was not disabled, and was not otherwise qualified to be certified for police duty. In addition, defendant Gallaher argued that he was entitled to qualified immunity from the § 1983 due process claim.

The District Court did not rule on any of the asserted defenses to McDonald's ADA and Rehabilitation Act discrimination claims. Instead, it granted summary

judgment on these claims for a reason that it raised sua sponte. Relying on an alternative holding in Lekich v. Pawlowski, in which a panel of this Court rejected an employment discrimination claim against the MPOETC, see 361 F. App'x 322, 326-27 (3d Cir. 2010) (not precedential), the District Court held that McDonald's disability discrimination claims failed because neither the Commission nor the Pennsylvania State Police was a "covered entity" for the purpose of an ADA or Rehabilitation Act employment discrimination claim. See 42 U.S.C. § 12111(2) (ADA); 29 U.S.C. § 794(d) (Rehabilitation Act, adopting ADA standards for employment discrimination).

The District Court further held that McDonald's § 1983 due process claim failed because he had received adequate process, because Gallaher was not personally involved in the alleged due process violation, and because Gallaher was entitled to qualified immunity.

McDonald timely appealed.

## II

The District Court had subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise de novo review of a District Court's order granting summary judgment, applying the same standard as the District Court should have applied. J.S. ex rel. Snyder v. Blue Mountain Sch. Dist., 650 F.3d 915, 925 (3d Cir. 2011) (en banc). Thus, we will affirm the District Court's entry of summary judgment when, construing the evidence in the light most favorable to the non-movant and drawing all inferences in his or her favor, there is no

5

genuine issue of material fact and the movant is entitled to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c).

## A

On appeal, McDonald argues forcefully that the District Court erred by disposing of his ADA and Rehabilitation Act claims on the basis that neither the Pennsylvania State Police nor Pawlowski is a "covered entity" under the ADA and the Rehabilitation Act. We agree. McDonald has not asserted a claim under Title I of the ADA, which prohibits employment discrimination by a "covered entity." 42 U.S.C. § 12117. Instead, he asserts his claim under Title II of the ADA, which prohibits all disability discrimination by a "public entity." Id. § 12132. It was error, therefore, to resolve McDonald's disability discrimination claims on the basis that the defendants are not "covered entities" within the meaning of Title I.

We decline to address the defendants' other defenses to McDonald's disability discrimination claims because we think that they are best resolved in the first instance by the District Court on remand.[1]

## B

McDonald also challenges the District Court's disposition of his § 1983 claim. Here, however, we see no reason to disturb the District Court's well-reasoned disposition.

---

[1] The United States has intervened in this appeal, pursuant to 28 U.S.C. § 2403(a), to defend the constitutionality of 42 U.S.C. § 12202, which abrogates States' sovereign immunity for claims brought under Title II of the ADA. As the United States argues, however, it is inappropriate to reach this constitutional issue unless and until it is decided that McDonald has made out a distinct Title II claim. See United States v. Georgia, 546 U.S. 151, 159 (2006); Bowers v. NCAA, 475 F.3d 524, 553 (3d Cir. 2007).

Although the Commission held no traditional hearing, McDonald was able to submit additional medical documentation through Ellwood City, and the Commission did in fact consider it. We have held a similar process to be adequate in the context of medical qualification determinations by the United States Marshal's Service. See Wilson v. MVM, Inc., 475 F.3d 166, 178-79 (3d Cir. 2007). At least, therefore, Gallaher is entitled to qualified immunity because his conduct in this case could not have violated any clearly established statutory or constitutional right of which a reasonable official in his position would have known. See Pearson v. Callahan, 555 U.S. 223, 231 (2009); Ray v. Twp. of Warren, 626 F.3d 170, 173 (3d Cir. 2010).

## III

Accordingly, we will affirm the District Court's entry of summary judgment insofar as it disposed of McDonald's § 1983 due process claim, but we will vacate its disposition of McDonald's ADA and Rehabilitation Act discrimination claims and remand for further proceedings consistent with this opinion.